IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIS FLOYD WILEY, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-3382 |
| | § | |
| SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
|    Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff Willis Floyd Wiley filed this suit alleging that the Social Security Administration ("SSA") violated his Fourteenth Amendment rights by denying his application for Supplemental Security Income ("SSI") benefits. Plaintiff appears *pro se* and has been granted *in forma pauperis* status. On March 22, 2016, Defendant filed a Motion to Dismiss [Doc. # 11], seeking dismissal for lack of subject matter jurisdiction because Plaintiff has failed to exhaust his administrative remedies. On April 12, 2016, Plaintiff filed a timely Response [Doc. # 18]. Defendant has not filed a reply, and the time to do so has expired. *See* Order [Doc. # 12]. The Motion is ripe for decision. Having considered the parties' filings, the applicable legal authorities, and all matters of record, the Court concludes that Defendant's Motion should be **granted**.

## I.     BACKGROUND

Plaintiff's Complaint [Doc. # 1] states that he is disabled due to an above-the-knee amputation of his left leg, and that he previously received SSI benefits. His benefits were discontinued in 1995 when he was incarcerated. In 2013, after his release, Plaintiff reapplied for SSI benefits. His application was denied and, in the case at bar, Plaintiff challenges the denial of benefits.

The facts relevant to Plaintiff's 2013 application, as demonstrated by the exhibits to Plaintiff's Response and to Defendant's Motion, are as follows.[1] On December 17, 2013, Plaintiff applied for SSI benefits. The SSA denied his application initially on January 21, 2014, on the grounds that he was not disabled under the program's rules. On April 8, 2014, the SSA denied Plaintiff's request for reconsideration. Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"), which request was acknowledged by the SSA in writing on April 22, 2014.

---

[1] Plaintiff and Defendant recite substantially the same facts, and neither questions the authenticity of documents submitted by the other. Plaintiff's Response attaches Exhibits A-E, all of which are documents from the administrative record. Defendant's Motion attaches a Declaration from Cristina Prelle of SSA's Office of Disability Adjudication and Review, who is Chief of Court Case Preparation and Review for Branch 4 of the Office of Appellate Operations. Declaration of Cristina Prelle [Doc. # 11-1] ("Prelle Declaration"). The Prelle Declaration also attaches multiple documents from the administrative record. The Court will consider these materials, as permitted by the authorities cited on pages 6-8, *infra*.

In July 2014, Plaintiff informed the SSA that his address had changed to a residence on Coolwood Drive. *See* Prelle Declaration, Exhibit 6. On August 29, 2014, the SSA mailed a notice to Plaintiff at the Coolwood Drive address, informing him that his hearing before an ALJ was scheduled for November 6, 2014. The Post Office returned the mail on September 8, 2014, marked "unable to forward" ("UTF"). *See id.* Exhibit 8 (returned envelope). The notice was remailed on October 23, 2014, and again returned UTF. *See id.* Exhibit 10. On November 5, 2014, the SSA called Plaintiff and left a message reminding him of the hearing date and time.

Plaintiff did not appear at the hearing on November 6, 2014. On November 7, 2014, the SSA sent Plaintiff a Request to Show Cause for Failure to Appear. This request was presumably sent to Plaintiff's Coolwood address, although the record does not divulge the address used. Plaintiff completed the requested form on November 26, 2014, alleging that the SSA intentionally had failed to inform him of the hearing date. *See id.* Exhibit 13.

On December 29, 2014, the SSA mailed a notice to Plaintiff at the Coolwood Drive address, informing him that his hearing had been scheduled for February 20, 2015. *See id.* Exhibit 15. The Post Office returned the letter UTF. *See id.* Exhibit 16. The notice was remailed on February 6, 2015, and again was returned UTF. *See id*. Exhibits 17 & 18. On February 19, 2015, the SSA attempted to contact Plaintiff by

telephone and did not reach him, but left a detailed message reminding him of the hearing the next day. *See id.* Exhibit 19.

Plaintiff did not appear at the hearing on February 20, 2015. The SSA sent a Request to Show Cause for Failure to Appear to Plaintiff at the Coolwood Drive address, which the Post Office returned UTF on March 1, 2015. *See id.* Exhibits 20-21.

On March 27, 2015, Plaintiff submitted the requested show cause form and stated that he had not received his mail because the people at the address were withholding it. That same day, Plaintiff provided the SSA with an updated address on Lockwood Drive. *See id.* Exhibits 22 & 23.

On May 19, 2015, the SSA mailed a Notice of Dismissal to Plaintiff at the Lockwood Drive address. *See id.* Exhibit 24. The ALJ wrote an opinion dismissing Plaintiff's request for a hearing, finding no good cause for Plaintiff's failure to appear. The ALJ noted that, for both hearing settings, Plaintiff stated he had not received the notices but apparently received the Requests to Show Cause for Failure to Appear without difficulty, given his response to both requests.

On June 1, 2015, Plaintiff mailed an informal request for review to the Appeals Council. On September 25, 2015, the Appeals Council notified Plaintiff that it had denied his request, finding no reason under SSA rules to review the ALJ's dismissal.

*See id*. Exhibits 25 & 26; Response, Exhibit D.

On October 7, 2015, the SSA mailed a letter to Plaintiff on Lockwood Drive instructing Plaintiff that he could still have a hearing on his claim for benefits if he completed an enclosed form and submitted it within sixty days. *See* Prelle Declaration, Exhibit 28; Response, Exhibit E. Prelle states in her Declaration, "To the best of my knowledge and belief, the Office of Disability Adjudication and review has not received a response from the plaintiff to Council's letter." Prelle Declaration, at 5, ¶ 3(n).

Plaintiff filed the case at bar on November 12, 2015. On February 19, 2016, he filed a change of address form, providing his address as "3502 Blodgett Street." Court personnel updated the electronic filing system to reflect the new address. On March 31, 2016, the Court's mail to Plaintiff at the Blodgett Street address was returned UTF. *See* Doc. # 13, Doc. # 14. On April 4, 2016, the Court entered an Order of Dismissal [Doc. # 15] based on Plaintiff's apparent failure to provide the Court with an updated address. The Order of Dismissal also was mailed to the Blodgett Street address. Plaintiff apparently received the Order of Dismissal immediately because, on April 8, 2016, he filed a motion to reinstate this case. *See* Doc. # 16. The Court granted reinstatement that same day. *See* Doc. # 17. On April 14, 2016, the Post Office returned UTF the Court's April 4th Order of Dismissal. *See*

Doc. # 19.  On April 20, 2016, the Post Office returned UTF the Court's April 8th order reinstating the case.  *See* Doc. # 20.  Both orders had been mailed to the Blodgett Street address.

Despite the recently returned mail, Plaintiff timely filed his Response to Defendant's Motion to Dismiss.  The Court notes that the signature block on Plaintiff's Response lists the same Blodgett Street address currently on file with the Court, but provides an apartment number (# 5405A) that was not previously listed.  The Court will order that Court records be updated to reflect this apartment number.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(1)

"'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'"  *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)).  "In considering a challenge to subject matter jurisdiction, the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'"  *Id.* (quoting *id.*).  When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it.  *See Alabama-Coushatta Tribe of Tex. v. U.S.*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahou*, 751 F.3d

303, 307 (5th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). "[U]nder Rule 12(b)(1), the court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *In re Mirant Corp*, 675 F.3d 530, 533 (5th Cir. 2012) (quoting *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2007)). The Court must take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff. *Id.*

### B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). The Supreme Court has explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555-56 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

In considering a motion to dismiss, a court must ordinarily limit itself to the contents of the pleadings and attachments thereto. *Causey v. Sewell Cadillac–Chevrolet, Inc.,* 394 F.3d 285, 288 (5th Cir. 2004); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Documents that a defendant attaches to a motion to dismiss are also "'considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.'" *Collins*, 224 F.3d at 498 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins*, 224 F.3d at 499. These are documents presumably whose authenticity no party questions.

### III.  ANALYSIS

Plaintiff seeks review of the SSA's denial of his application for SSI benefits. The United States has consented to a limited waiver of sovereign immunity for judicial review of such claims.  *See* 42 U.S.C. § 405(g), (h). This Court has jurisdiction to review final decisions of the SSA Commissioner pursuant to Section 405(g), which is titled "Judicial review":

> Any individual, after any ***final decision*** of the Commissioner of Social Security made ***after a hearing*** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).  "The Supreme Court has stated that section 405(g) clearly limits judicial review to a particular type of agency action, a final decision of the Secretary made after a hearing."  *Brandyburg v. Sullivan*, 959 F.2d 555, 558 (5th Cir. 1992) (quoting *Califano v. Sanders,* 430 U.S. 99, 108 (1977)) (internal quotation marks omitted).

In this case, the SSA has not made a "final decision . . . after a hearing," as required by Section 405(g).  Rather, the SSA scheduled a hearing on Plaintiff's application two times, sent multiple notices of hearing to the addresses provided by Plaintiff, and called him before the hearings to remind him of the time and date.

Plaintiff did not appear. The ALJ then dismissed his request for a hearing, finding that Plaintiff had not shown good cause for his failure to appear. The Appeals Council upheld the ALJ's decision, but also informed Plaintiff that he still could request a hearing on his claim for SSI benefits by submitting, within sixty days, a form that the SSA provided to him. Plaintiff did not submit the request or otherwise respond. Prelle Declaration, at 5, ¶ 3(n). The requirements for judicial review under Section 405(g) are not satisfied. *See Celestine v. Soc. Sec. Admin.*, 486 F. App'x 418, 419 (5th Cir. 2012) (because plaintiff failed to exhaust administrative remedies when he withdrew his hearing request, district court lacked subject matter jurisdiction over his case) (citing, *inter alia*, 20 C.F.R. § 416.1400(a)).

Moreover, the remedy under Section 405(g) is exclusive. Section 405(h) provides that no decision by the Commissioner may be reviewed by this Court except as provided in Section 405(g):

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 [conferring federal question jurisdiction on the district courts] or 1346 [conferring jurisdiction for certain actions against the United States] of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h). Plaintiff's assertion that this Court has subject matter jurisdiction

over the SSA's denial of benefits "according to the 14th Amendment [t]o the United States Constitution," *see* Complaint, at 2, therefore is foreclosed by Section 405(h). *See Heckler v. Ringer*, 466 U.S. 602 (1984); *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 760-61 (1975); *Physicians Hosp. of Am. v. Sebelius*, 691 F.3d 649, 653-56 (5th Cir. 2012).

Plaintiff bears the burden to establish this Court's subject matter jurisdiction *See Alabama-Coushatta*, 757 F.3d at 487.  However, he has made no showing that he has satisfied the requirements of Sections 405(g) & (h).  Defendant's Motion to Dismiss is granted.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons it is hereby

**ORDERED**   that the Clerk of Court is **INSTRUCTED** to update the docket sheet in this case with the following address for Plaintiff, as provided in his Response:

> Willis Floyd Wiley
> 3502 Blodgett Street, **#5405A**
> Houston, TX 77004
> 832-756-1800

It is further

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 11] is **GRANTED**.

Plaintiff's claims are **DISMISSED** for lack of subject matter jurisdiction.

A separate final judgment will issue.

SIGNED at Houston, Texas, this **26th** day of **April, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE